NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IRON OAK TECHNOLOGIES, LLC,**
*Plaintiff-Appellant*

**v.**

**MICROSOFT CORPORATION,**
*Defendant-Appellee*

---

2019-1802

---

Appeal from the United States District Court for the Northern District of Texas in No. 3:18-cv-00222-M, Chief Judge Barbara M.G. Lynn.

---

Decided: June 8, 2020

---

ROBERT JAMES MCAUGHAN, JR., McAughan Deaver PLLC, Houston, TX, argued for plaintiff-appellant. Also represented by ALBERT BERTON DEAVER, JR.

JOSHUA JOHN FOUGERE, Sidley Austin LLP, Washington, DC, argued for defendant-appellee. Also represented by CONSTANTINE L. TRELA, JR., RICHARD ALAN CEDEROTH, Chicago, IL; MICHAEL J. BETTINGER, San Francisco, CA.

---

Before LOURIE, MOORE, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Iron Oak Technologies, LLC appeals from the Agreed Final Judgment of the United States District Court for the Northern District of Texas in Microsoft Corporation's declaratory judgment action. Because resolving an appeal of the Agreed Final Judgment would require this court to adjudicate the issue of notice as to the defendants in ongoing consolidated cases, which are not parties to Microsoft's declaratory judgment action, the entire appeal as presented is not from a final decision within the scope of 28 U.S.C. § 1295(a)(1). Therefore, we affirm the district court's decision only to the extent it held that Iron Oak did not provide sufficient notice under 35 U.S.C. § 287 to Microsoft. But to the extent the district court's final judgment purports to extend beyond the only defendant in this case, Microsoft, and to the sufficiency of notice under § 287 to defendants outside of this case, we do not have jurisdiction.

I

In 2016 and 2017, Iron Oak sued various laptop, tablet, and mobile device manufacturers (hereinafter, the Manufacturers and the Manufacturer Suits), alleging that the Manufacturers' products and services infringed two of Iron Oak's patents.[1] According to Microsoft, the lawsuits

---

[1] These cases, consolidated in the Northern District of Texas, are: *Fujitsu America, Inc.*, Civil Action No. 3:16-cv-3319; *Toshiba America Information Systems Inc.*, Civil Action No. 3:16-cv-3320; *Asustek Computer Inc.*, Civil Action No. 3:16-cv-3322; *Samsung Electronics America, Inc., Ltd.*, Civil Action No. 3:17-cv-1259; *Sharp Electronics Corp.*, Civil Action No. 3:17-cv-2699; *Lenovo (U.S.) Inc.*, Civil Action No. 3:18-cv-1539; *Dell Inc.*, Civil Action No. 3:18-cv-1542; and *Acer America Corp.*, Civil Action No. 3:18-cv-1543.

implicated Microsoft software and products installed on the manufacturers' devices, and so Microsoft filed suit against Iron Oak "seeking a declaratory judgment action that Microsoft has not infringed, induced others to infringe, or contributed to the infringement of any claim of the" patents at issue (hereinafter, the Microsoft Action). *Iron Oak Technologies, LLC v. Microsoft Corp.*, Civil Action No. 3:18-cv-00222-M, slip op. at 3 (N.D. Tex. Dec. 14, 2018) (*Partial Summary Judgment Order*). Soon after, the Microsoft Action and the Manufacturer Suits were consolidated in the Northern District of Texas. Microsoft then moved for summary judgment in the Manufacturer Suits and the Microsoft Action, arguing that Iron Oak "did not provide notice to any Defendant [in the Manufacturer Suits] that a Microsoft product was alleged to infringe" and that therefore Iron Oak "cannot recover damages from the Defendants [in the Manufacturer Suits[2]] for infringement by the use of Microsoft products." *Partial Summary Judgment Order* at 1−2 (footnote omitted). The district court granted Microsoft's motion, holding that Iron Oak "may not recover damages from the Defendants [in the Manufacturer Suits] for infringement by Microsoft products or services" and

---

[2] Microsoft is not included in the district court's definition of Defendants in the Partial Summary Judgment Order. *Partial Summary Judgment Order* at 1, n.2. ("As used herein, 'the Defendants' means all Defendants sued by Plaintiff, which does not include Microsoft."). Nor should it be, considering that it is undisputed that there were no infringement claims pending against Microsoft at the time of the summary judgment order. Appellee's Supp. Br. 3 ("When Iron Oak subsequently abandoned any claim for 'damages from Microsoft' directly, [J.A. 5], Iron Oak's infringement claims *against Microsoft customers* for infringement by Microsoft software became all that remained in dispute in the declaratory judgment action." (emphasis added)).

dismissed Microsoft's declaratory judgment claims as moot. *Id.* at 9−10. The district court entered identical summary judgment orders in the Microsoft Action and each of the Manufacturer Suits. After denying Iron Oak's motion for reconsideration, but providing some clarification on its order, the district court ultimately entered an Agreed Final Judgment in the Microsoft Action confirming that Microsoft's summary judgment was granted and that, as a result, Microsoft's declaratory judgment claims and Iron Oak's infringement counterclaims were dismissed as moot. *Iron Oak Techs., LLC v. Microsoft Corp.*, Civil Action No. 3:18-cv-00222-M (N.D. Tex. Feb. 19, 2019) (*Agreed Final Judgment*).

Iron Oak now appeals, arguing that the district court applied the incorrect standard under 35 U.S.C. § 287 in determining that Iron Oak's pre-suit notice letters to the Manufacturers did not provide sufficient notice regarding infringement by Microsoft products and services on the Manufacturers' devices.

II

Under 28 U.S.C. § 1295(a)(1), we have jurisdiction only over an appeal from a district court's final decision. And "[e]ven though the parties have raised no objection to our jurisdiction over this appeal, we are obligated to consider whether there is a final judgment of the district court." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003). A final decision is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The final judgment rule is not merely a technicality; it "exists to prevent the piecemeal litigation of issues that practically constitute a single controversy, which as separate appeals would otherwise frustrate efficient judicial administration." *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 414 F.3d 1376, 1378 (Fed. Cir. 2005),

*mandate recalled and dismissal vacated*, 143 F. App'x 350 (Fed. Cir. 2005).

The procedural posture of this case is unconventional. The only underlying case on appeal—the Microsoft Action—includes only Iron Oak and Microsoft. Yet the briefing focuses entirely on whether the notice letters Iron Oak sent to the Manufacturers, not Microsoft, were sufficient under 35 U.S.C. § 287 as to Microsoft products and services installed on the Manufacturers' laptops and tablets. To be clear, Iron Oak never sent any notice letter to Microsoft before the patents-at-issue expired, Iron Oak does not seek damages from Microsoft, Microsoft is not a defendant in the Manufacturer Suits as defined in the district court's decision,[3] and the Manufacturers were not parties to the Microsoft Action below and are not here on appeal to defend it. We therefore do not, and indeed cannot, entertain any challenge to the summary judgments entered in the Manufacturer Suits because, as the parties concede, those cases remain ongoing as to the Manufacturers' infringement liability and the sufficiency of notice under § 287 for non-Microsoft products and services installed on the manufacturers' devices. *See, e.g.,* Appellee's Supp. Br. 6; Appellant's Br. 15 n.4; Oral Arg. at 33:00−34:30, available at http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2019-1802.mp3. The only judgment that would be final for purposes of our review is as to Microsoft.

We therefore affirm the district court's decision only insofar as it held that Iron Oak did not provide sufficient notice under 35 U.S.C. § 287 *to Microsoft* that Microsoft's

---

[3] Microsoft did intervene in at least one case—Iron Oak's suit against Dell—to seek a declaration of noninfringement, and Iron Oak counterclaimed: *Dell Inc.*, Civil Action No. 3:18-cv-1542 (prior to transfer, the case was *Dell Inc.*, Civil Action No. 1:17-cv-00999 (W.D. Tex.); *see also* J.A. 212−228.

products infringe the patents at issue.  But to the extent the district court's final judgment purports to extend beyond the only party to this case, Microsoft, and to the sufficiency of notice to defendants outside of this case, the judgment is not final.  We take no position on the district court's conclusion on the sufficiency of notice provided to the defendant Manufacturers in the Manufacturer Suits because we do not have jurisdiction over that question while the Manufacturer Suits are still pending.

In their supplemental briefs, both parties argue that the district court simply, as is typical, "grant[ed] summary judgment for a nonmovant" after providing "notice and a reasonable time to respond."  Fed. R. Civ. P. 56(f).  But again, the summary judgments entered for the non-movants—here, the Manufacturers in the Manufacturer Suits—are not final and not on appeal.

This case is also unlike the typical one where a supplier or manufacturer seeks a declaration of noninfringement through declaratory judgment because of allegations against its customers.  In the typical case, the product supplier or manufacturer seeks a declaration of noninfringement as to its product or process—not the product or process of its customers.  *See, e.g.*, *Arris Grp., Inc. v. British Telecommc'ns PLC*, 639 F.3d 1368, 1371 (Fed. Cir. 2011) (explaining that Arris, a supplier/manufacturer, sued a patent holder "seeking a declaratory judgment that . . . [the patents] are invalid and not infringed *by Arris*" (emphasis added)).  The suit is not brought on behalf of the customer and the decision does not require the court to consider actions taken by or in relation to the customer.  But here the summary judgment required the district court to consider the notice letters and claim charts sent to the Manufacturers, which though similar in some respects, were ultimately specific to each Manufacturer.  *Compare* J.A. 97, *with* J.A. 145.

Microsoft also argues in its supplemental briefing that because it has indemnity agreements with the manufacturers, it has "standing to sue for a declaration of non-infringement by Microsoft customers accused by reason of their use of Microsoft products or services." Appellee's Supp. Br. 3. First, Microsoft cites *Arris Group*, 639 F.3d at 1375, and *ABB Inc. v. Cooper Industries, LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011), to support this proposition. In both cases, the declaratory judgment preceded any infringement suit against a customer or indemnitee. In that scenario it makes sense that an indemnitor would have standing to file a declaratory action to "determin[e] whether it would be liable for indemnification" without waiting for suits to be filed. *ABB Inc.*, 635 F.3d at 1349. But here, the Manufacturer Suits were ongoing before Microsoft filed its declaratory judgment action. Therefore, "Microsoft could defend its customers and efficiently and effectively participate in the [Manufacturer Suits]." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014).

Second, the record is largely devoid of the contours of Microsoft's indemnity agreements. They are only mentioned in passing in the district court's summary judgment opinion. *Partial Summary Judgment Order* at 5 n.4 ("Microsoft is involved in this litigation because Microsoft and Defendants have indemnity agreements in place that allow Defendants to recover from Microsoft if Defendants are required to pay damages for infringement by a Microsoft product."). We do not know to what extent, if any, Microsoft is obligated to defend the Manufacturers under their agreements and therefore to what extent Microsoft may "stand in their shoes."

8     IRON OAK TECHNOLOGIES, LLC v. MICROSOFT CORPORATION

We therefore affirm-in-part and dismiss-in-part for lack of jurisdiction.[4]

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

No costs.

---

[4] In their supplemental letter briefs, both parties note that this jurisdictional defect may potentially be cured through subsequent action in the district court. We leave that decision to the parties and to the discretion of the district court. We note, however, that if the parties elect to pursue certification under 28 U.S.C. § 1292(b) regarding the sufficiency of notice provided to the defendants in the Manufacturer Suits and if that request is ultimately granted by the district court and this court, we may consider whether further briefing and argument would be required as the issue has been developed in briefs already filed and in the March 4, 2020 oral argument.